UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

GEORGE E. BARTON,

               Plaintiff,

        v.

GARY W. SEWELL, GARTON &
ASSOCIATES, REALTORS,

            Defendant.

No. CV-06-109-FVS

ORDER

**THIS MATTER** came before the Court, based upon the Defendants' Motion for Judgment on the Pleadings.  The Defendants' are represented by Steve K. Gustafson.  The Plaintiff is proceeding pro se.

**I.**

George E. Barton filed a complaint in the United States District Court for the Eastern District of Washington alleging that Gary Sewell and Garton & Associates, Realtors (hereinafter "the Defendants"), are liable for tortious and fraudulent conduct arising from a land purchase.  Subject-matter jurisdiction is predicated upon diversity of citizenship.  28 U.S.C. § 1332.  Now, the Defendants moves to dismiss Mr. Barton's amended complaint.  Pursuant to Fed. R. Civ. P. 12 (b)(2), the Defendants submit that they are not subject to personal jurisdiction in the State of Washington when their only contacts with the State was the occasional returned phone call to Mr. Barton. Additionally, the Defendants move to dismiss on the grounds that Mr.

ORDER - 1

Barton failed to sufficiently serve process purusant to Fed. R. Civ. P. 4(e) when he mailed but did not physically serve the Defendants with a copy of the Summons and Complaint.   Mr. Barton has not submitted a response to the Defendants' motion.

## II.

Mr. Barton has the burden of establishing that the court has personal jurisdiction. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006), *certiorari denied*, 127 S.Ct. 723, 166 L.Ed.2d 560 (2006).  A  plaintiff must establish personal jurisdiction over each defendant individually. *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990). Where the court's ruling is based solely upon a review of affidavits and discovery materials, dismissal is appropriate only if the plaintiff fails to make a prima facie showing of personal jurisdiction. *Id.*  On this point, evidentiary materials are construed in the light most favorable to the plaintiff and unless directly contravened, the plaintiff's version of the facts are taken as true. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). Furthermore, "conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists."  *Id.*

## III.

As a general matter, in the absence of a federal statute governing personal jurisdiction, the law of the state in which the district court sits governs whether the defendant is subject to personal jurisdiction. *Core-Vent Corp. v. Nobel Industries AB*, 11

ORDER - 2

F.3d 1482, 1484 (9th Cir.1993).  Federal law applies to determine whether exercising personal jurisdiction is consistent with the defendant's right to due process.  *Id.*  This means that to establish personal jurisdiction, the plaintiff must show that the forum state's jurisdictional statute confers personal jurisdiction and that it comports with the federal due process clause.  *Pacific Atlantic Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir.1985).

### IV.

Personal jurisdiction may be either general or specific. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).  A court properly exercises specific jurisdiction over a nonresident defendant where the suit "arises out of" or is related to the defendant's contacts with the forum and the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed.2 d 528 (1985).

Alternatively, a court may exercise general jurisdiction over a defendant in a controversy unrelated to a defendant's contacts with the forum if the defendant has substantial "continuous corporate operations within a state" which are "of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities." *International Shoe, Co. v. State of Washington*, 326 U.S. 310, 318; 66 S. Ct. 154; 90 L. Ed. 95 (1945).  Due process considerations limit both general and specific

ORDER - 3

jurisdiction.    *Helicopteros Nacionales,* 466 U.S. at 414.

Due process requires the defendant to "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *International Shoe,* 326 U.S. at 319.  This means that the plaintiff must show that the defendant has sufficient connections with the forum state to subject it to the forum's jurisdiction and that "the assertion of jurisdiction is [otherwise] reasonable." *Amoco,* 1 F. 3d. at 851 citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).  This approach applies to both general and specific jurisdiction analyses.  *Amoco,* 1 F. 3d at 851, n. 2.  Yet courts have recognized that due process considerations requires a heightened standard for establishing general jurisdiction. *Tuazon*, 433 F.3d at 1168.   Thus, general jurisdiction requires "contacts with the forum state must 'approximate physical presence.'" *Id.* quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000).

Here, the parties agree that the Defendants are Oregon residents (Compl. at 1-2, ¶ ¶ 2-3, Aff. of Sewell at 2, ¶ 3) and that the real estate underlying the cause of action is located in Oregon.  (Compl. at 4, ¶ 9).  The parties disagree over the quality and nature of the Defendants' contacts with the State of Washington.  Mr. Barton alleges that the Defendants' tortious conduct arose through a series of phone calls and written faxes and letters they made to him at his Washington residence.  (Compl. at 2-3.)    Furthermore, Mr. Barton alleges that Defendant Sewell traveled to Walla Walla, Washington to discuss

ORDER - 4

matters related to the sale of the property.  (Compl. at 3.)  Mr.
Barton also alleges that Defendant Garton & Associates actively
advertised its business in magazines circulated to Washington
residents.  (Compl. at 3.)

Conversely, in its Motion for Judgment on the Pleadings, the
Defendants argue that their real estate business is solely limited to
selling Oregon property within the State of Oregon (Memo. in Support
at 4) and the only contact they had with the State of Washington
during the period in question was returning Mr. Barton's phone calls
(Memo. in Support at 5).  The Defendants' dispute Mr. Barton's
contention that Defendant Sewell traveled to Washington to discuss the
real estate transaction.  (Sewell Aff. at 2, ¶ 6.)  Factual and
documentary conflicts are construed in favor of the plaintiff.  *Harris
Rutsky & Co.,* 328 F.3d at 1129.  Therefore, it is  first necessary to
evaluate whether Mr. Barton has sufficiently established that the
State of Washington has either specific or general personal
jurisdiction over the Defendants.

**V.**

Washington's Long Arm Statute RCW 4.28.185 deals with specific
jurisdiction over nonresident defendants.  *Amoco Egypt Oil Co. V.
Leonis Navigation Co., Inc.*, 1 F.3d 848, 850 (9th Cir. 1993).  Under
RCW 4.28.185(1)(a), a nonresident corporation submits itself to the
jurisdiction of Washington courts related to causes of action that
arise out of its business transactions within the state.  The statute
"was intended to be operative to the full extent allowed by due
process except where limited by the terms of the statute."  *Werner v.*

ORDER - 5

*Werner*, 84 Wash. 2d. 360, 365, 526 P.2d 370, 375 (1974).  To satisfy due process, the plaintiff must show that (1) the nonresident defendant purposely availed  himself of the privilege of conducting business in the forum; (2) the suit arises out of the defendant's forum-related activity; and (3) the exercise of jurisdiction would be reasonable.  *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).  These requirements are conjunctive, meaning that the plaintiff must establish all three prongs for the court to assert jurisdiction.  *Rand v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993).

Purposeful availment "examines whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff."  *Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991).  The purpose underlying this prong is to ensure that "a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. at 474.

In the Ninth Circuit, the plaintiff's evidentiary burden in establishing purposeful availment differs if his claims are grounded in theories of contract or tort.  *Roth,* 942 F.2d at 621;  *see also Schwarzeneggar v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (explaining that a "purposeful availment" analysis applies to contract claims, whereas "purposeful direction" analysis applies to tort claims).  This action alleges the Defendants' engaged in tortious conduct.   In tort cases, "activity by the defendant need not

ORDER - 6

physically take place in the forum state so as to constitute
sufficient contact under the due process test." *Haisten v. Grass
Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir.
1986). Rather, personal jurisdiction is appropriately exercised
"over a defendant whose only contact with the forum state is the
purposeful direction of a foreign act having *effect* in the forum
state." *Roth*, 942 F.2d at 621 (citing *Calder v. Jones*, 465 U.S. 783,
104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984)).

Applying the "*Calder* effects test," the Ninth Circuit has held
that the "brunt of the harm need not be felt in or suffered in the
forum state." *Yahoo! Inc.*, 433 F.3d at 1207. Instead, the plaintiff
need only show a "jurisdictionally sufficient amount of harm is
suffered in the forum state." *Id.* Purposeful direction and
sufficiency of harm are determined by examining the totality of the
defendants' contacts under the circumstances. *Id.* at 1210 (explaining
that "we consider the extent of the defendant's contacts with the
forum and the degree to which the plaintiff's suit is related to those
contacts...[a] strong showing on one axis will permit a lesser showing
on the other.")

The Supreme Court has noted that a defendant who actively
advertises in the forum state, establishes channels for providing
regular advice to customers within the forum State, or markets the
product in the forum state through a sales agent are sufficient
contacts to show a "substantial connection" with the forum state.
*Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480
U.S. 102, 112, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987) (discussing

ORDER - 7

personal jurisdiction in the context of products manufactured in the stream of commerce).

Consistent with this, the Western District Court of Washington was presented with a case involving a Washington resident who brought a lawsuit alleging several defendants engaged in a fraudulent misrepresentation scheme related to a series of investment enterprises. *Silver Valley Partners., LLC v. De Motte*, 400 F. Supp. 2d 1262, 1264 (2005). Specifically, the court addressed whether it had personal jurisdiction when all the defendants were Idaho residents, all contacts between the plaintiff and defendants occurred in Idaho and the "investments all dealt with activities occurring, and enterprises operating, entirely within Idaho." *Id.*

The district court held it did not have personal jurisdiction as to three of the four defendants because the plaintiff's mere claims that the defendants' had minimum contacts with Washington and had purposely availed themselves of Washington's courts was insufficient standing alone. *Id*. at 1268-69. However, the court held that "purposeful and repeated communication with a Washington resident resulting in the investment of millions of dollars in out-of-state enterprises is sufficient to confer in personam jurisdiction over the out-of-state solicitor for claims arising out of such solicitations." *Id*. at 1266. The district court reasoned that although "the fact that [the defendant] did not travel to Washington," and the investments dealt with purely Idaho investments, nevertheless, the defendant had purposefully availed himself of the privilege of conducting activities in Washington when he actively *targets* customers

ORDER - 8

1  within the state.  *Id.*

2      On the other hand, in *Peterson v. Kennedy*, the Ninth Circuit

3  addressed whether the State of California had personal jurisdiction

4  over the defendants in an action by a football player against his

5  former player's union for misrepresentation.  771 F.2d 1244, 1262 (9th

6  Cir. 1985).  The court held that as a matter of law, California lacked

7  personal jurisdiction over the defendants because they had not

8  purposefully availed themselves of California's laws when their sole

9  contacts with the forum state "consisted of a series of telephone

10  calls...and letters" sent from their Washington D.C. offices.  *Id.*

11  The court reasoned that "ordinarily 'use of the mails, telephone, or

12  other international communications simply do not qualify as purposeful

13  activity invoking the benefits and protection of the [forum] state.'"

14  *Id.*

15      Here, Mr. Barton claims that the Defendants' advertised their

16  real estate business in the State of Washington and solicited business

17  from him directly through phone calls, mailed correspondences and on

18  one occasion, Defendant Sewell's act of driving into Walla Walla,

19  Washington to discuss the underlying Oregon land sale with Mr. Barton.

20  The only evidence Mr. Barton has presented to corroborate  his claims

21  of personal jurisdiction are two undated letters received from

22  Defendant Sewell.  This alone does not establish that any of the

23  defendants' *actively* solicited business in Washington.

24      Rather, like in *Peterson*, Mr. Barton has failed to show that the

25  defendants intentionally directed their actions toward Washington in a

26  way that would lend to a reasonable expectation of being haled into

ORDER - 9

court here.  Washington is not the "focal point" of both the story and the harm that Mr. Barton asserts.  *See Calder*, 465 U.S. at 789 (explaining the forum State must be "the focal point both of the story and of the harm suffered").  Although, Mr. Barton may assert that he suffered harm in Washington by virtue of the telephone calls, faxes and letters, this alone is insufficient to exercise specific jurisdiction.  *Peterson*, 771 F.2d at 1262; *see also Lewis v. Bours*, 119 Wash.2d 667, 673-74, 835 P.2d 221, 225 (1992) (holding that when "a nonresident professional commits malpractice in another state against a Washington State resident, that, standing alone, does not constitute a tortious act committed in this state regardless of whether the Washington State resident suffered injury upon his or her return to Washington.")   Therefore, based on the foregoing, Washington does not have specific jurisdiction over the Defendants.

## VI.

In the State of Washington, "general jurisdiction is authorized by § 4.28.080(10), which provides for service of summons on a foreign corporation "doing business' in Washington."  *Id.*  Washington courts have interpreted this provision as conferring general personal jurisdiction over nonresident defendants who conduct "substantial and continuous business in the state of such a character as to give rise to a legal obligation."  *Hein v. Taco Bell, Inc.*, 60 Wash. App. 325, 328-29, 803 P.2d 329 (1991) (citing *Crose v. Volkswagenwerk Aktiengesellschaft*, 88 Wash.2d 50, 54, 558 P.2d 764, 766-67 (1977)).  To determine whether a substantial and continuous business relationship exists with the forum state, Washington courts and the

Ninth Circuit conduct a similar "fact intensive, case-by-case analysis" which entails a two part inquiry into: (1) the "nature and extent of the [defendants'] contacts" *Tuazon*, 433 F.3d at 1172; and (2) the reasonableness of asserting jurisdiction. *Amoco*, 1 F.3d at 851. This test is conjunctive, meaning the plaintiff must establish both prongs for the court to exercise general jurisdiction. *Id.* (holding that general jurisdiction was lacking because the reasonableness prong was not satisfied); *see also Doe v. Unocal Corp.*, 248 F.3d 915, (9th Cir. 2001) (holding that general personal jurisdiction was improper because the plaintiff had failed to show the defendants had sufficient contacts with the forum state).

In determining a defendant's contacts, courts evaluate such factors as the "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Id.* The plaintiff must present affirmative evidence that the defendant has made himself "at home in the forum" such as setting up "most aspects of its operations" in the state. *Glencore Grain Rottendam v. B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1125 (9th Cir. 2002); *see also Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447-48, 72 S. Ct. 413, 96 L. Ed. 485 (1952) (corporation's president maintained an office, kept files, held directors meetings, distributed salaries, and conducted other business in the forum state). "Engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders." *Glencore Grain,* 284 F.3d at 1124-25 (explaining that although defendant

corporation had "stepped through the door [of the forum state]" through exporting rice into California, "there [was] no indication that it ha[d] sat down and made itself at home.")

Here, Mr. Barton's tortious claims arose outside of Washington. The Defendants are all Oregon residents, the underlying real estate was located in Oregon and the purchasing agreement stated Oregon law would apply in the event of a subsequent disagreement between the parties. Although Mr. Barton asserts that the Defendants' advertised in the State of Washington, he has not produced any evidence to confirm or deny this allegation.

Even assuming *arguendo* that Mr. Barton's unsubstantiated statements are true, advertising alone is insufficient to confer general jurisdiction for an unrelated cause of action when the defendants do not operate a Washington office, employ Washington residents or sell Washington property. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (explaining that the defendant's "occasional, unsolicited sales of tournament tickets and merchandise to California residents are insufficient to create general jurisdiction.")   Therefore, the State of Washington lacks general personal jurisdiction over the defendants.

**IT IS HEREBY ORDERED:**

The Defendants' Motion for Judgment on the Pleadings, **Ct. Rec. 47**, CV-06-109-FVS, is **GRANTED.**   The Plaintiff's claims against the Defendants are dismissed without prejudice.

/

/

ORDER - 12

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel and plaintiff.

**DATED** this  28th  day of March, 2008.

                        s/ Fred Van Sickle
                        Fred Van Sickle
                        United States District Judge

ORDER – 13