UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

GEORGE E. BARTON,

        Plaintiff,

        v.

GARY W. SEWELL, et al.,

        Defendants.

No. CV-06-109-FVS

ORDER GRANTING AND DENYING RECONSIDERATION

**THIS MATTER** comes before the Court based upon the plaintiff's motion for reconsideration. He is representing himself; the defendants are represented by Steve Gustafson.

**BACKGROUND**

On March 28, 2008, the Court granted a motion to dismiss for lack of personal jurisdiction brought by defendants Gary Sewell and Garton & Associates, Realtors. Fed.R.Civ.P. 12(b)(2). The Court ruled that plaintiff George Barton could not establish that they are subject to either general or specific jurisdiction in the State of Washington. Mr. Barton moves the Court to reconsider.

**STANDARD**

The plaintiff's motion falls within the scope of Rule 59(e). In order to qualify for reconsideration, he must (1) present newly discovered evidence, (2) demonstrate that the Court's decision was

ORDER GRANTING AND DENYING RECONSIDERATION - 1

clearly erroneous or manifestly unjust, or (3) identify an intervening change in controlling law. *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

**RULING**

A nonresident company submits itself to the jurisdiction of Washington courts with respect to any cause of action that arises out of business which it transacts in this state. RCW 4.28.185(1)(a). The jurisdiction conferred by RCW 4.28.185(1)(a) -- *i.e.*, specific jurisdiction -- extends to the limit imposed by the due process clause. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir.1995). Exercising specific jurisdiction over a nonresident company is consistent with due process if the company directed acts at this forum, the plaintiff's claims arise out of the company's forum-related acts, and requiring the nonresident company to defend itself in this forum would be reasonable. *See Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1205-06 (9th Cir.2006) (*en banc*). In its order of March 28th, the Court concluded that the plaintiff cannot establish purposeful direction. *Cf. id.* at 1206 (purposeful direction requires evidence that the defendants "committed an intentional act, expressly aimed at the forum state, causing harm that the defendant knows is likely to be suffered in the forum state"). Upon further reflection, the Court is concerned that its original conclusion may be incorrect. However, even if the Court erred in that regard, the Court's ultimate ruling was correct for

ORDER GRANTING AND DENYING RECONSIDERATION - 2

another reason.  It would be unreasonable to require the defendants to defend themselves in Washington.

The burden is upon the defendants to make a compelling case that it would be unreasonable to require them to defend themselves in this forum.  *See Menken v. Emm*, 503 F.3d 1050, 1061 (9th Cir.2007).  The Court must consider seven, non-exhaustive factors in determining whether the defendants have carried their burden.  *Id.* at 1060.  The first factor is "the extent of the defendants' purposeful interjection into the forum state's affairs."  *Id.*  There is no evidence that the defendants regularly request Washington residents to purchase real estate in the State of Oregon.  Assuming, for purposes of argument, that the plaintiff's allegations are correct, this appears to be an isolated incident.  Thus, the first factor provides only limited support for the exercise of jurisdiction.  The second factor is "the burden on the defendant of defending in the forum."  *Id.*  One of the defendants is an individual; the other is a small company.  They will be burdened by having to defend themselves in this forum.  Thus, the second factor weighs against exercising jurisdiction.  The third factor is "the extent of conflict with the sovereignty of the defendants' state."  *Id.*  The plaintiff's claim(s) arise from a real estate purchase that allegedly turned sour.  The defendants allege, and the plaintiff does not deny, that he formed a limited liability company in Oregon to serve as the purchaser and take title to the property.  Oregon has an interest in resolving a dispute between

ORDER GRANTING AND DENYING RECONSIDERATION - 3

Oregon companies, especially since the dispute involves real property that is located in Oregon. Thus, the third factor weighs against exercising jurisdiction. The fourth factor is "the forum state's interest in adjudicating the dispute." *Id.* Washington has an interest in protecting its residents from either negligent or intentional misrepresentations in business transactions. Thus, the fourth factor weighs in favor of exercising jurisdiction. The fifth factor is "the most efficient judicial resolution of the controversy." *Id.* Evidence is located in both Washington and Oregon, although it appears that more of the evidence is located in the latter than in the former. Thus, the fifth factor tends to weigh against exercising jurisdiction. The sixth factor is "the importance of the forum to the plaintiff's interest in convenient and effective relief." *Id.* There is no indication that the plaintiff would be unable to obtain adequate relief in Oregon. Thus, the sixth factor weighs against exercising jurisdiction. The seventh factor is "the existence of an alternative forum." *Id.* There is every indication that Oregon is available as an alternative forum for resolution of the parties' dispute. Thus, the seventh factor weighs against exercising jurisdiction. On balance, the preceding seven factors weigh heavily against exercising jurisdiction. It would be unreasonable to require the defendants to defend themselves in this forum. That being the case, the Court's original ruling was correct, albeit for reasons other than the ones given by the Court.

ORDER GRANTING AND DENYING RECONSIDERATION - 4

**ATTORNEY'S FEES**

The defendants are the prevailing parties. They may be entitled to attorney's fees. RCW 4.28.185(5).

**IT IS HEREBY ORDERED:**

1. The plaintiff's motion for reconsideration (**Ct. Rec. 58**) is granted in part and denied in part.

2. The Court withdraws that part of its March 28th order indicating that the plaintiff cannot establish purposeful direction.

3. The Court adheres to its original ruling for the reasons set forth above.

4. The District Court Executive shall enter judgment dismissing the plaintiff's complaint for lack of personal jurisdiction.

5. The Court retains jurisdiction for the limited purpose of determining whether the defendants are entitled to costs and attorney's fees.

6. The Court will not entertain another motion for reconsideration.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order, furnish copies to Mr. Barton and to counsel for the defendants, and enter judgment accordingly.

**DATED** this ___11th___ day of July, 2008.

                        s/ Fred Van Sickle
                        Fred Van Sickle
          Senior United States District Judge